United States District Court
Southern District of Texas
ENTERED
July 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **SALVADOR STANLEY AQUINO MENENDEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00893** |
| | § | |
| **TODD BLANCHE, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed on behalf of Salvador Stanley Aquino Menendez ("Petitioner"). (Dkt. 1.)

Petitioner challenges his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS) arguing that his detention is unlawful under the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. (*Id.* at 17–22.) The Court ordered Respondents to file a response to the habeas petition on or before May 20, 2026. (Dkt. 4.) Respondents filed a timely Response to Petitioner's Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 6). On June 2, 2026, Petitioner filed a reply. (Dkt. 7.) Subsequently, on June 29, Respondents submitted an advisory in compliance with the Court's Order, (Dkt. 5), informing that Court that Petitioner's appeal before the Board of Immigration Appeals (BIA) was dismissed on June 3, 2026, and that Respondents planned to remove Petitioner from the United States subject to his final order of removal. (Dkt. 8.) On July 17, 2026, Respondents submitted a status report confirming that

Petitioner was removed from the United States and thus, is no longer in ICE custody. (*See* Dkt. 10.)

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, the removal of a noncitizen who challenges only the duration or conditions of his or her detention will typically moot the case because the requested relief can no longer be effectuated by the court. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (unpublished); *Sodipo v. U.S. Dep't of Just.*, 37 F.3d 629 (5th Cir. 1994) (unpublished); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002). However, there are exceptions to mootness when the noncitizen can show that she would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g.*, *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner was removed from the United States on July 13, 2026, pursuant to a removal order. (Dkt. 10.) Because Petitioner only challenged his ongoing detention, the petition for writ of habeas corpus is moot because he has now been released from confinement in DHS custody and there is no possible relief to be effectuated.

Accordingly, it is **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** as moot. The Clerk is hereby **DIRECTED** to terminate the case and all pending motions.

**IT IS SO ORDERED.**

SIGNED this July 21, 2026.



Diana Saldaña
United States District Judge